UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Jesus Rodriguez, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action H-06-820 |
| | § | |
| Texas Department of Criminal Justice, | § | |
| et al., | § | |
| Defendants. | § | |

# ORDER

*Pro se* plaintiff Jesus Rodriguez has filed a motion to consolidate (Dkt. 54) and a motion to stay litigation pending EEOC investigation of wrongful termination claims (Dkt. 67). Because Rodriguez does not have any other lawsuits pending, this lawsuit cannot be consolidated. The motion to consolidate must therefore be denied.

In support of his motion to stay, Rodriguez relies upon *Davis v. Dallas Area Rapid Transit*, 583 F.3d 309 (5th Cir. 2004), which recommends that a Title VII plaintiff who has not yet received an EEOC right to sue letter on all pending charges should request a stay in order to avoid preclusion under *res judicata*. Defendant Windham School District responds that the record is unclear whether the EEOC is currently investigating any charge relating to Rodriguez's termination. However, Rodriguez has submitted some evidence that such a charge may have been referred to the EEOC by the U.S. Department of Education, and that he has submitted a charge questionnaire to the EEOC (although no charge number is given).

Windham also opposes the stay because it wishes to proceed with a summary

judgment motion without further delay. But summary judgment motions may be filed at any time (subject to Rule 56(f) considerations),[1] so this is not a sufficient reason to deny the stay request.

Nevertheless, the trial setting is still many months away, and Rodriguez should have ample time to obtain right to sue letters for any pending EEOC charge. In this respect, it should be noted that a Title VII plaintiff can prosecute a *retaliatory* discharge claim without filing (or obtaining a right to sue letter on) a second EEOC charge. *Gupta v. East Texas State Univ.*, 654 F.2d 411, 413-14 (5th Cir. 1981). But a separate charge and a right to sue letter is required for a claim of *discriminatory* discharge. For these reasons, Rodriguez's motion to stay the litigation will be denied at this time without prejudice to his right to renew the motion if necessary at a later time.

In order to expedite this case, Rodriguez is hereby granted leave to amend his pleadings to assert a claim of retaliatory discharge. Rodriguez is also granted conditional leave to amend his pleadings to assert a claim of discriminatory discharge, provided he obtains a right to sue letter for such a claim from the EEOC.

Discovery may proceed on the circumstances of Rodriguez's termination, in order to avoid unnecessary delay and expense in the event a right to sue letter regarding discriminatory termination is subsequently issued.

---

[1] Indeed, the defendants have already filed such motions (Dkts. 43, 61).

Signed at Houston, Texas on February 2, 2007.

_____
Stephen Wm Smith
United States Magistrate Judge